IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHASON COLT MORGAN,<br><br>Defendant. | Case No. 15-cr-00474-DKW-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Approximately 70 months into his 168-month sentence, Defendant Chason Colt Morgan asks the Court to reduce his sentence to time served because his medical conditions, coupled with the COVID-19 pandemic, present extraordinary and compelling circumstances warranting such a reduction. For the reasons set forth below, the Court disagrees, and the motion is DENIED.

## RELEVANT BACKGROUND

On July 1, 2015, Morgan pled guilty to abusive sexual contact with a child under the age of twelve. Dkt. No. 21. For this offense, the Court sentenced Morgan to 168 months' imprisonment followed by a lifetime of supervised release. Dkt. Nos. 31, 32, 33, 34. In sentencing Morgan to the highest term of imprisonment within the guideline range, the Court considered that Morgan's offense conduct included digitally penetrating his then-fiancée's seven-year-old daughter who was left in his care while his fiancée was hospitalized, and the

impact that experience had on the victim.  Dkt. No. 33 at 4.  The Court also considered Morgan's substance abuse and sexual history.  *Id.*

On November 30, 2020, Morgan, proceeding pro se, filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("compassionate release motion").  Dkt. 36.  Morgan argues that his medical conditions—schizophrenia, chronic bronchitis, pneumonia, chronic back pain, two herniated discs, and a history of smoking—in light of the COVID-19 pandemic[1] present extraordinary and compelling reasons warranting release.  *Id.* at 2.  On December 11, 2020, the Government filed a response opposing any sentence reduction, Dkt. No. 40, to which Defendant, through counsel, replied on December 17, 2020, Dkt. No. 43.  This order follows.

## **LEGAL STANDARD**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)).  Such circumstances must be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  *See* 18 U.S.C. § 3582(c)(1)(B); *see also Dillon*, 560 U.S. at 827, 831;

---

[1] Morgan tested positive for COVID-19 on October 29, 2020.  Dkt. No. 40-1.  He suffered mild symptoms—such as fatigue and body aches—before being cleared as recovered on November 13, 2020.  Dkt. Nos. 40-2, 40-3, 40-4.

2

*United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

Congress carved out one such circumstance in 18 U.S.C. § 3582(c)(1)(A)(i). A court may "modify a term of imprisonment" upon an inmate's motion if:

1. the inmate exhausted "all administrative rights to appeal a failure of the [BOP] to bring a motion" on his behalf or 30 days has lapsed since the relevant warden received a request to do so;

2. the inmate has established that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable [Sentencing Commission] policy statements";

3. the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a) and finds the inmate is "not a danger to the safety of any other person or the community," as provided under 18 U.S.C. § 3142(g).

*See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13 (policy statement). The inmate bears the burden of establishing the requirements for a sentence reduction by a preponderance. *See, e.g.*, *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *see also Walton v. Arizona*, 497 U.S. 639, 650 (1990) (a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

## **DISCUSSION**

Morgan presents a particularly weak case for compassionate release. First, he presents no evidence—other than his word—showing he suffers from a condition that would make him particularly susceptible to a severe reaction to

COVID-19. Second, he has already contracted the virus—exhibiting only minor symptoms—and reinfections are "rare" according to the CDC. Finally, Morgan's conduct—sexually violating a seven-year old girl in his care and threatening her with "trouble" if she told—remains of grave concern to the Court, despite Morgan's claim of having rehabilitated.

In short, Morgan has failed to demonstrate an extraordinary and compelling reason justifying a sentence reduction, and even if he did, the Court finds that the sentencing factors at 18 U.S.C. § 3553(a) weigh heavily against such a reduction, and he remains a danger to the community. For these reasons, his motion is DENIED.

I. **Extraordinary and Compelling Reasons**[2]

Section 3582(c)(1)(A)(i) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons" and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" (the "Commission"). As this Court has explained, it is bound by the Commission's Commentary in U.S.S.G. § 1B1.13 regarding what constitutes an "extraordinary and compelling" reason warranting a sentence reduction. *See, e.g.*,

---

[2]The Government concedes that Morgan meets the exhaustion requirement. Dkt. No. 40 at 5; *see also* Dkt. No. 36-1 (Morgan's request that BOP bring a compassionate release motion on his behalf); Dkt. No. 36-2 (Warden denying that request on October 9, 2020).

*United States v. Aruda*, No. 14-CR-00577-DKW, 2020 WL 4043496, *2–*5 (D. Haw. July 17, 2020).[3]

Accordingly, the Court applies the following framework to determine whether COVID-19 presents an extraordinary and compelling reason warranting a reduction in sentence:

> [A]n inmate must necessarily establish the following three elements by a preponderance of the evidence: (1) the inmate is "suffering from a terminal illness," or a "serious" physical or cognitive condition; (2) that condition puts the inmate at a high risk of becoming seriously ill from COVID-19; and (3) if the inmate were to contract COVID-19, the inmate's ability "to provide self-care within the . . . correctional facility" would be "substantially diminishe[d]" and the inmate would "not [be] expected to recover."

*United States v. Kazanowski*, No. 15-CR-00459-DKW-5, 2020 WL 3578310, at *7 (D. Haw. July 1, 2020) (alterations in original) (quoting U.S.S.G. § 1B1.13 n.1(A)).  Only Morgan's words support his claim that he meets the first requirement, and he similarly fails to present evidence to satisfy the next two.

Morgan claims to suffer from schizophrenia, chronic bronchitis, pneumonia, chronic back pain, two herniated discs, and COVID-19.  Dkt. No. 36 at 2.  He also claims he has a history of smoking.  *Id.* at 18.  The Court acknowledges that Morgan

---

[3] The Court declines Morgan's invitation to reconsider its prior holdings on this issue.  *See* Dkt. No. 43 at 2–4.  The Court discussed its holding at length in *Aruda*, 2020 WL 4043496, at *2–5, and nothing Morgan cites since *Aruda* compels a different result.

takes medications used to treat schizophrenia,[4] Dkt. No. 36-3, and that he had and recovered from COVID-19, Dkt. No. 40-1, 40-2, 40-3, 40-4. But Morgan's medical records fail to show evidence of any of his other claimed medical conditions. *See* Dkt. Nos. 36-3, 40-1, 40-2, 40-3, 40-4. The Court will assume, *arguendo*, that Morgan's claim to a lengthy smoking history is true. As such, Morgan has a condition recognized by the CDC as placing him at greater risk of a severe reaction to COVID-19.[5]

But Morgan's risk of becoming seriously ill from COVID-19 is mitigated by two significant facts. First, Morgan has already contracted and recovered from COVID-19. Dkt. Nos. 40-1, 40-2, 40-3, 40-4. During his bout, Morgan experienced only minor symptoms—body ache and fatigue—for a short period of time. *See* Dkt. Nos. 40-2, 40-3. While the Court recognizes that *some* reinfections are, as Morgan emphasizes, Dkt. No. 43 at 9, "expected," the CDC explains that

---

[4] Morgan's argument that his mental health conditions put him at greater risk is unavailing. *See* Dkt. No. 43 at 6-9. First, he presents no evidence that his mental health conditions have lowered his immune response; he only speculates that they could. *See id.* That he has, in fact, recovered from COVID-19 seems to belie this point. Second, while the Court appreciates that conditions of confinement during COVID-19 may be more austere than they may be otherwise, that is not a compelling reason to reduce his sentence.

[5] *See COVID-19 (Coronavirus Disease): People at Increased Risk for Severe Illness–People with Certain Medical Conditions*, CDC (updated Dec. 1, 2020) https://www.cdc.gov/coronavirus/ 2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 22, 2020) (explaining former and current smokers are at an increased risk of severe illness if they contract COVID-19).

reinfections "remain rare."[6]

Second, Morgan cannot demonstrate that there is "a high risk of contracting the virus because of the number of positive COVID-19 cases at the facility where [he] is housed." *See, e.g.*, *United States v. Rodrigues*, No. 16-CR-00529-DKW, 2020 WL 5351029, *5 (D. Haw. Sept. 4, 2020). As of December 22, 2020, BOP reports 17 inmates and 18 staff are testing positive for the virus at FCI Fort Dix, where Morgan is incarcerated.[7] While these numbers show there is more than a negligible chance of contracting the virus at that facility, they are hardly compelling[8]. These numbers are noteworthy for another reason: the absence of evidence in the record of a significant upward trend of infections at the facility.

Moreover, even if one assumed the current conditions represented a significant risk to Morgan, he has failed to demonstrate that if he were to contract COVID-19 again, his ability "to provide self-care within the. . . correctional facility" would be "substantially diminishe[d]" and he would "not [be] expected to recover." *See* U.S.S.G. § 1B1.13 n.1(A). Indeed, the fact that he has fully recovered from the virus—experiencing only minor symptoms when infected—

---

[6]*COVID-19 (Coronavirus Disease): Reinfection with COVID-19*, CDC (updated Oct. 27, 2020), https://www.cdc.gov/coronavirus /2019-ncov/your-health/reinfection.html (last visited Dec. 22, 2020).
[7]*COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Dec. 22, 2020).
[8]There are more than 2700 inmates at FCI Fort Dix. *FCI Fort Dix*, BOP, https://www.bop.gov/ locations/institutions/ftd/ (last visited Dec. 22, 2020). That means less than 0.7% of inmates are currently infected.

7

while incarcerated at FCI Fort Dix is strong evidence the facility is equipped to appropriately treat inmates who contract COVID-19. *See* Dkt. Nos. 40-2, 40-3, 40-4. That there have been no deaths at the facility despite more than 350 inmates having contracted the virus is further evidence of this fact.[9] It is true, as Morgan asserts, Dkt. No. 43 at 9–11, that these facts are not conclusive. But they do amount to strong evidence that he is in a place capable of providing him with the care he would need should he contract the virus again as well as the care he needs for his other physical and mental conditions. Certainly, Morgan has not presented persuasive evidence to the contrary.

In short, Morgan has not carried his burden of showing that there are "extraordinary and compelling reasons" justifying a sentence reduction. For this reason alone, his motion is DENIED.

## II.     Section 3553(a) Factors & Risk of Danger to the Community

Even assuming, *arguendo*, that Morgan established an extraordinary and compelling reason justifying a sentence reduction, the Court must still consider any reduction in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine Morgan is "not a danger to the safety of any other person or the community, as provided under [18 U.S.C. §] 3142(g)." *See* 18 U.S.C.

---

[9] *COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Dec. 22, 2020).

§3582(c)(1)(A); U.S.S.G. § 1B1.13.[10]

Considering the Section 3553(a) factors, the Court finds Morgan's 168-month sentence is, as it was at sentencing, "sufficient, but not greater than necessary, . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public." *See* 18 U.S.C. §3553(a)(2). To date, Morgan has served roughly 70 months or about 42 percent of his sentence. *See* Dkt. No. 29 at 1 (Morgan has been detained since February 25, 2015). This is simply not enough time to meet the goals of sentencing.

Although fancier phrases and synonymous words come to mind, Morgan's crime is, in short, disgusting. He sexually assaulted a seven-year old girl left in his care by placing his hand on her vagina and digitally penetrating her. Dkt. No. 24 at 4–5. The girl was in Morgan's care because he was engaged to her mother, who was in the hospital at the time. *Id.* at 4. After the assault, Morgan threatened the victim that if she told anyone about the assault, she would get into "the most trouble in her entire life." *Id.* at 5.

---

[10]Morgan argues that the binding effect of Sentencing Commission policy statements controls whether the Court may consider dangerousness as part of its sentence reduction analysis. Dkt. No. 43 at 2–4. As the Court recently explained, it disagrees. *United States v. Lefiti*, Criminal No. 15-00459-DKW-1, 2020 WL 7502449, *4 n.8 (D. Haw. Dec. 21, 2020).

9

Given these facts, the Court imposed the maximum prison sentence under the sentencing guidelines. *See* Dkt. Nos. 33, 35. Notably, Morgan has admitted that his conduct could have been charged under 18 U.S.C. § 2241—instead of 18 U.S.C. § 2244(a)(5)—which would have subjected him to a mandatory minimum sentence of thirty years' imprisonment. Dkt. No. 24 at 6; *see also* Dkt. No. 29 at 28 (listing as an aggravating factor, the fact that Morgan's conduct could have been charged under 18 U.S.C. § 2241(c)). With this in mind, there is no doubt that Morgan received a fair and just sentence for his conduct. Thus, the Court agrees with the Government that granting compassionate release at this time—only 70 months in—"would diminish the seriousness of the offense and fail to provide just punishment." *See* Dkt. No. 40 at 6.

Morgan argues he "poses no danger to the community." Dkt. No.43 at 13. The Court disagrees. Given the nature of Morgan's conduct as detailed above and the destructive consequences such conduct can leave in its wake, the Court finds that Morgan remains a danger to the community and no conditions of release can, at this time, be fashioned to protect the public from his further crimes. This is especially so because Morgan admits that while he has undergone psychiatric care, he has not yet participated in any sex offender-specific programming. Dkt. No. 43 at 6–9, 13. While the Court acknowledges this may not be Morgan's fault—the prison may not provide such programming, especially during the COVID-19

pandemic—the Court nonetheless cannot ignore this fact in considering whether Morgan remains a danger to the community.

The Court's findings that the goals of sentencing would be undermined by granting the sentence reduction Morgan seeks and that Morgan remains a danger to the community provide alternative grounds for denying his motion.

## CONCLUSION

For the reasons set forth herein, Morgan's motion for compassionate release, Dkt. No. 36, is DENIED.

IT IS SO ORDERED.

Dated: December 23, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*United States of America v. Chason Colt Morgan*, Criminal No. 15-474-DKW-1, **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**